IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

DOROTHY WARD                                                            **PLAINTIFF**

v.                                  **CASE NO. 1:25-cv-01038-SOH**

**ACCUDATA CREDIT SYSTEMS, LLC**

                                                                                 **DEFENDANT**

## DEFENDANT ACCUDATA CREDIT SYSTEMS LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, AccuData Credit Systems, LLC (hereinafter "Defendant"), by and through its attorneys Gordon Rees Scully Mansukhani, moves to dismiss the complaint filed by Plaintiff, Dorothy Ward (hereinafter "Plaintiff") for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff in her Complaint alleges that Defendant violated the Fair Credit Reporting Act (FCRA) by willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. §1681e(b). Plaintiff's claim against Defendant is flawed and lacks any basis in applicable law. Specifically, Plaintiff's claim does not allege that Defendant had any indication that allegedly false information was included in Plaintiff's credit report, such that Plaintiff fails to plausibly allege that Defendant's reporting procedures were unreasonable. The Court should grant the Defendant's motion and dismiss the Plaintiff's complaint.

## ALLEGATIONS

Plaintiff in her complaint alleged that Defendant "has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties" including allegedly inaccurate criminal records. Plaintiff further alleged that

Defendant has been reporting this inaccurate information through background checks and consumer reports that have been disseminated to third parties, resulting in the denial and delay of housing and other opportunities to Plaintiff. Plaintiff then alleged that Defendant "failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reports about Plaintiff."

In her claim against Defendant for the violation of the FCRA, Plaintiff alleged that "[p]ursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. §1681e(b)."

## APPLICABLE LAW

To survive a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)6, "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, courts under the Eighth Circuit generally accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). That said, the Eighth Circuit does not give credit to "legal conclusions … or a formulaic recitation of the elements of a cause of action." *United States ex rel. Ambrosecchia v. Paddock Lab'ys, LLC*, 855 F.3d 949, 955 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

In order to clearly review the Defendant's obligations under the FCRA, a review of the applicable statutory law is necessary. Following 15 U.S.C. §1681e(b), "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Under this statute, a credit reporting agency is not held responsible

where a reported item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate unless the agency receives notice of systemic problems with its procedures. *Rydholm v. Equifax Information Services LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022) (citing to *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 972 (7th Cir. 2004)).

Further, as the FCRA's basis for imposing civil liability on a credit reporting agency, 15 U.S.C. §1681n and 15 U.S.C. §1681o impose penalties against the same for willful noncompliance and negligent noncompliance, respectively. Specifically, using these levels of intent interchangeably, these statutes effectively impose liability on any person who willfully/negligently fails to comply with any requirements imposed under the FCRA with respect to any consumer.

## ARGUMENT

### I. Plaintiff's Complaint Does Not Raise a Plausible Entitlement to Relief

Plaintiff's complaint raises a single cause of action against Defendant, therein alleging that Defendant violated the FCRA by willfully and negligently failing to comply with the obligations set forth under 15 U.S.C. §1681e(b). Using nothing more than the statutory basis detailed under the FCRA, Plaintiff's claim against Defendant consists only of legal conclusions with factual allegations only relevant to Plaintiff's standing in this matter. As Plaintiff's claim against Defendant consists only of legal conclusions, Plaintiff has failed to allege any plausible entitlement to relief.

This point is effectuated in a remarkably similar case heard under the Eighth Circuit Court of Appeals. Following *Rydholm v. Equifax*, Rydholm, the subject of credit reports at issue, filed suit the against credit reporting agencies Experian and Trans Union claiming that these agencies had violated 15 U.S.C. §1681e(b) by including inaccurate information on

credit reports as to Rydholm's debts. *Equifax*, 44 F.4th at 1107. Specifically, Rydholm alleged that Experian and Trans Union violated 15 U.S.C. §1681e(b) "because they 'do not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy.'" *Id.* The *Equifax* court reaffirmed the lower court's dismissal of Rydholm's claims with prejudice, citing various grounds highly relevant to the present matter. *Id.* at 1109.

The court in *Equifax* first provided the concise point that "[t]he FCRA is not a strict liability statute" and that it "simply tells [credit reporting agencies] to 'follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" *Id.* at 1108 (citing to *Hauser v. Equifax, Inc.*, 602 F.2d 811, 814-15 (8th Cir. 1979) (quoting 15 U.S.C. §1681e(b)). Consequently, the *Equifax* court detailed that "§1681e(b) 'does not hold a [credit reporting agency] responsible where an item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate unless the agency receives notice of systemic problems with its procedures. *Id*. (quoting *Sarver v. Experian Info. Sols.*, 390 F.3d 969, 972 (7th Cir. 2004)).

Noting that Rydholm's complaint presented a bare legal conclusion that these agencies employed unreasonable reporting processes, the *Equifax* court recognized that Rydholm made no allegation that the agencies knew or should have known about system problems. *Id*. at 1109. Moreover, the *Equifax* court recognized that Rydholm had never directly contested the agencies' reporting, had not asserted that the agencies' sources lacked reliability, and had not asserted that the reported information was facially inaccurate or inconsistent with preexisting records. *Id.* The *Equifax* court reasoned that under Rydholm's

bare claims, a finding that 15 U.S.C. §1681e(b) was violated would require credit reporting agencies to "wade into individual bankruptcy dockets to discern whether a debt survived discharge" and that "'the cost of verifying the source' outweighs 'the possible harm inaccurately reported information may cause' a consumer." *Id.* (quoting *Henson v. CSC Credit Servs.*, 29 F.3d 280, 287 (7th Cir. 1994). The court further determined "[t]hat [whether] Rydholm's credit reports may have 'contained inaccurate information is not in itself sufficient for the imposition of liability.'" *Id.* (quoting *Hauser,* 602 F.2d at 814.)

Here, Plaintiff's claims in her complaint are directly analogous to those of Rydholm in *Equifax*. Plaintiff has presented a bare legal conclusion simply stating that Defendant failed to comply with the requirements of 15 U.S.C. §1681e(b), without any other supporting evidence or allegations, just as in *Equifax*. Similarly, Plaintiff has not alleged that Defendant's sources lacked reliability or that the allegedly false information in her consumer reports was facially inaccurate or inconsistent with preexisting records. Finally, just as in *Equifax*, Plaintiff here has not alleged that she or any other person had disputed the allegedly inaccurate information with Defendant, thereby putting Defendant on notice.

As the court reasoned in *Equifax*, a finding that Plaintiff's bare claim is sufficient to find Defendant liable under the FCRA would undoubtedly impose significant verification costs that would outweigh the possible harm inaccurately reported information may cause. As Plaintiff claims that Defendant included allegedly inaccurate criminal records in Plaintiff's consumer reports, credit reporting agencies would be obligated to go far beyond the reasonable standards of verification, such as matching SSN and other identifying information, for every consumer that may have associated criminal records. Doing so would be a considerable waste of resources, and avoiding such a result is likely why the FCRA

imposes various obligations on credit reporting agencies to reinvestigate reports *after* they have received notice of disputed accuracy, such as 15 U.S.C. §1681i. Despite this, just as the *Equifax* court reasoned, whether Plaintiff's reports may have contained inaccurate information is not in itself sufficient for the imposition of liability.

## CONCLUSION

Plaintiff's complaint against Defendant for violation of the Fair Credit Reporting Act should be dismissed under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Defendant, AccuData Credit Systems, LLC, respectfully requests that this Court dismiss the Plaintiff's complaint with prejudice, for its costs, attorney's fees, and all other relief to which it is justly entitled.

Dated: June 25, 2025

Respectfully submitted,
*/s/ Haley M. Heath*
Haley M. Heath, AR Bar No. 2011286
Samuel R. Wilson, AR Bar No. 2024253
Gordon Rees Scully Mansukhani, LLP
425 West Capitol Suite 3275
Little Rock, AR 72201
Telephone: 870-941-2035
Facsimile: 501-588-8160
hheath@grsm.com
srwilson@grsm.com
***ATTORNEYS FOR ACCUDATA CREDIT SYSTEMS, LLC***

## CERTIFICATE OF SERVICE

I, the undersigned hereby certify that a true and accurate copy of the foregoing document has been duly and properly served upon all parties that have entered an appearance and requested service in the above referenced case by way of electronic filing on the Court's ECF Notice List on June 25, 2025 as follows:

Geoffrey Baskerville
Francis Mailman Soumilas, PC
1600 Market Street, Suite 2510
Philadelphia, PA 19103

*Attorney for Plaintiff*

 

*/s/ Haley M. Heath*
Haley M. Heath