IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DOROTHY WARD | ) |
| Plaintiff, | ) CIVIL ACTION NO:1:25-CV-01038-SOH |
| v. | ) AMENDED COMPLAINT |
| ACCUDATA CREDIT SYSTEMS, LLC | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## I. PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4. Plaintiff Dorothy Ward is an adult individual who resides in the State of Arkansas.

5. Defendant Accudata Credit Systems, LLC is a consumer reporting agency which conducts business in the Western District of Arkansas and has a principal office located at 1002 Diamond Ridge, Suite 500, Jefferson City, MO 65109.

## IV. FACTUAL ALLEGATIONS

6. In or around November 2024, Plaintiff applied for housing at the Magnolia Housing Authority.

7. As part of her application for housing, Plaintiff agreed to have a background check performed.

8. The background check was prepared and sold by Defendant.

9. The report that Defendant prepared and sold about Plaintiff contained an inaccurate criminal history.

10. Specifically, Defendant's report contained a felony conviction for drug possession from 1999 and a misdemeanor conviction for attempted possession from 1997 from Cook County Illinois.

11. Defendant's report also contains convictions from Kankakee County, Illinois for felony retail theft in 2007 and misdemeanor retail theft in 2017.

12. The convictions are in the name of Dorothy Williams.

13. Plaintiff's name is Dorothy Ward and not Dorothy Williams.

14. Plaintiff was married in 1985 and divorced in 1987. During this time, she used the last name Williams.

15. Defendant knows or should know that Williams is an extremely common last name.

16. Defendant knows or should know that when matching common names it must use heightened matching criteria.

17. Defendant knows or should know that The Consumer Financial Protection Bureau ("CFPB"), the agency with enforcement authority for the FCRA, has made clear that multi-factor (not just name) identifier matching logic is necessarily to assure accuracy under the FCRA.

18. Defendant knows or should know that The CFPB has also cautioned that

"algorithms for matching common names" are required in order for proper compliance with FCRA section 1681e(b).

19. Defendant knows or should know that the failure to implement procedures to account for common names is a basis to find that a Consumer Reporting Agency violated the FCRA.

20. Defendant knows or should know that in Williams v. First Advantage LNS Screening Solutions, Inc. 947 F.3d 735 (11th Cir. 2020), a case involving the exact same last name as this matter, the court upheld an award of punitive damages based on the failure to have policies and procedures for matching common names.

21. Defendant knew or should have known that it did not have policies and procedures that complied with its duties under the FCRA for matching common names.

22. Defendant knew or should have known that it did not have policies or procedures to assure the maximum possible accuracy of the reports it prepared and sold.

23. As a result, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

24. The inaccurate information includes the false criminal history labeling the Plaintiff as a convicted felon and personal identifying information.

25. The inaccurate information negatively reflects upon the Plaintiff and misidentified Plaintiff as a person with a criminal history for multiple drug related offenses and theft convictions.

26. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective landlords, both known and unknown.

27. Plaintiff has applied for and has been delayed housing opportunities, including but

not limited to, housing opportunities with Magnolia Housing Authority in November 2024. The Plaintiff has been informed that the basis for these delays was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for those delays.

28. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had Defendant followed such procedures it would not have falsely reported the inaccurate felony and misdemeanor convictions listing on Plaintiff's consumer report.

29. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of delayed housing opportunities, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

30. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

31. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

### V. CLAIMS

### COUNT ONE – VIOLATION OF THE FCRA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. At all times pertinent hereto, Defendant was "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

34. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

35. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

36. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

37. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.     JURY TRIAL DEMAND

38. Plaintiff demands trial by jury on all issues so triable.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a)    Statutory damages;

    (b)    Actual damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just, and proper.

Respectfully submitted,

*Geoffrey H Baskerville*

_____
Geoffrey Baskerville, Esq.
FRANCIS & MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
(215) 735-8600
gbaskerville@consumerlawfirm.com

Dated: July 8, 2025