# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **DOROTHY WARD** | **PLAINTIFF** |
| v. | **CASE NO. 1:25-cv-01038-SOH** |
| **ACCUDATA CREDIT SYSTEMS, LLC** | **DEFENDANT** |

## DEFENDANT ACCUDATA CREDIT SYSTEMS LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

### A. Introduction

Plaintiff fails to plead a claim upon which relief can be granted. Specifically, Plaintiff fails to plead allegations that she put Defendant, AccuData Credit Systems, LLC ("Accudata") on notice of the reporting errors and that AccuData continued its conduct irrespective of this lack of notice. As noted in AccuData's opening brief and as recognized in the Eighth Circuit's holding in *Rydholm*, notice of systemic problems with a credit reporting agency's reporting procedures is required under Plaintiff's FCRA claim. In her response, Plaintiff presents many arguments against the Motion to Dismiss but does not address this fatal issue.

### B. Reliance on AccuData's Sources is Not at Issue

As a preliminary matter, Plaintiff argues against a strawman in her response. AccuData does not argue in its Motion that AccuData "can blindly rely on a Vendor" regarding reasonable procedures under the FCRA. Rather, AccuData argues that Plaintiff failed to allege several elements of a valid FCRA claim in her complaint. Specifically, AccuData argues that Plaintiff failed to allege that AccuData had notice of systemic problems with its reporting procedures, that AccuData's sources lacked reliability, and that the reported information was facially inaccurate or

inconsistent with preexisting records. These factors are directly cited in the *Rydholm* holding out of the Eighth Circuit Court of Appeals and were considered in the courts granting of a motion to dismiss. *Rydholm v. Equifax Information Services LLC*, 44 F.4th 1105, 1109 (8th Cir. 2022). Importantly, at no point in its Motion did AccuData argue that its reliance on vendors alone satisfied the requirements for reasonably procedures under the FCRA.

### C. AccuData's Motion Is Not Premature

Regarding Plaintiff's argument that AccuData's Motion is premature, this argument, again, avoids the primary issue AccuData raised in its Motion – that Plaintiff has failed to allege that AccuData had notice of or otherwise should have known of systemic problems with its reporting procedures. Plaintiff presents several items of case law, none of which are controlling in this circuit, showing that (1) whether a credit report is inaccurate, (2) whether reasonable procedures were followed, and (3) whether damages were caused by an inaccurate credit report are issues unfit for dispositive motions. AccuData did not raise issues of fact regarding these topics. Rather, AccuData notes that Plaintiff failed to plead allegations necessary to bring her FCRA claim. Plaintiff further alleges that "Plaintiff, at this point, has not had the opportunity to take discovery of whether AccuData used a vendor to help prepare her report or the reliability of any such vendor." The issue of discovery related to AccuData's vendors is not at all related to AccuData's present Motion, as AccuData is arguing Plaintiff failed to state a plausible claim by neglecting to allege that AccuData had notice of system problems in its reporting, as recognized in this circuit. Nonetheless, issues as to discovery are insufficient grounds to raise a material issue in defense a party's motion to dismiss under 12(b)(6) – these dispositive motions seek to test the sufficiency of a party's claim without regard to discovery.

### D. Plaintiff's Allegations of Defective Procedures Are Insufficient to Satisfy a Claim

Plaintiff then argued that she had sufficiently alleged that AccuDatas failed to employ reasonable procedures to assure maximum accuracy. Again, Plaintiff avoids the issue raised by AccuData that Plaintiff failed to allege that AccuData had notice of systemic problems with its reporting procedure. Further, Plaintiff similarly fails to provide any controlling case law here that is analogous to the present matter or that does not involve a defendant reporting agency with notice of reporting issues.

Plaintiff cites *Ramirez v. Tranz Union, LLC* in her contention that matching procedures that require only a name match violate section 1681e(b) of the FCRA. *Ramirez* involves a defendant reporting agency's motion for judgment as a matter of law in which the court specifically addressed the defendant's "repeated notice of problems with its [] procedures" when assessing the plaintiff's reasonable procedures claim under section 1681e(b). *See Ramirez v. Trans Union, LLC,* No. 2017 WL 5153280, at *2 (N.D. Cal. Nov. 7, 2017). Plaintiff cites *Williams v. First Advantage* in her same claim as to name matching violates 1681e(b). *Williams v. First Advantage* involves a defendant reporting agency in which the court relied heavily on the notice defendant was provided regarding previous inaccurate reports in its finding of willful violations of 1681e(b). *See Williams v. First Advantage LNS Screening Solutions*, 947 F.3d 735, 739 (11th Cir. 2020). In *Smith v. LexisNexis*, the Sixth Circuit Court of Appeals looked specifically to the notice the defendant credit reporting agency received from plaintiff and the subsequent correction the agency made when finding that defendant had not willfully violated 1681e(b). *See Smith v. LexisNexis Screening Sols., Inc.,* 837 F.3d 604, 610 (6th Cir. 2016). The court in *Smith* also found that the defendant negligently violated 1681e(b) by not requiring a middle name in its reporting procedure, and having access to plaintiff's former report containing a middle name for cross-reference

purposes, the same of which Plaintiff has not alleged with specificity here. *Id. Adams v. National Engineering* and *Henderson v. Corelogic*, similarly include plaintiffs' that disputed inaccurate credit reports from defendant credit reporting agencies prior to bringing their claims against them. *See Adams v. Nat'l Eng'g Serv. Corp.,* 620 F. Supp. 2d 319, 324, 330-33 (D. Conn. 2009); *See also Henderson v. Corelogic Nat'l Background Data, LLC,* 178 F. Supp. 3d 320, 336 (E.D. Va. 2016). These cases support *AccuData's* position.

### E. Conclusion

AccuData in its Motion has raised the issue that Plaintiff failed to allege where AccuData had notice of systemic problems with its reporting procedures to maintain a plausible claim against AccuData. Plaintiff did not address this issue in her response. In support of its contention, AccuData cites to *Rydholm v. Equifax* out of the Eighth Circuit Court of Appeals, in which a plaintiff's failure to allege notice by a defendant reporting agency warranted grounds for dismissal. *Rydholm*, at 1109. Plaintiff has not presented any controlling precedent to combat this issue, nor has Plaintiff even addressed this issue in her response. As such, AccuData reaffirms its request to this Court to dismiss Plaintiff's claim against AccuData with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, the Defendant, AccuData Credit Systems, LLC, prays that this Court dismiss Plaintiff's amended complaint with prejudice, for its costs, attorney's fees, and all other relief to which it is justly entitled.

Dated: August 12, 2025

Respectfully submitted,
*/s/ Haley M. Heath*

Haley M. Heath, AR Bar No. 2011286
Samuel R. Wilson, AR Bar No. 2024253
Gordon Rees Scully Mansukhani, LLP
425 West Capitol Suite 3275
Little Rock, AR 72201
Telephone: 870-941-2035
Facsimile: 501-588-8160
hheath@grsm.com
srwilson@grsm.com
***ATTORNEYS FOR ACCUDATA CREDIT SYSTEMS, LLC***

# CERTIFICATE OF SERVICE

I, the undersigned hereby certify that a true and accurate copy of the foregoing document has been duly and properly served upon all parties that have entered an appearance and requested service in the above referenced case by way of electronic filing on the Court's ECF Notice List on August 12, 2025 as follows:

Geoffrey Baskerville
Francis Mailman Soumilas, PC
1600 Market Street, Suite 2510
Philadelphia, PA 19103

*Attorney for Plaintiff*

*/s/ Haley M. Heath*
Haley M. Heath